ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIAMOND POWER INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | |
| WAYNE DAVIDSON, ) | FILE NO. _____ |
| ) | 1 04-CV 0091 |
| Defendant. ) | RWS |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Plaintiff Diamond Power International, Inc. ("Diamond Power") in the above-styled action, and alleges as follows:

### NATURE OF THE ACTION

1.

This is an action for damages and injunctive relief premised on Diamond Power's claims for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), breach of contract, misappropriation of trade secrets, breach of fiduciary duty/duty of loyalty, and misappropriation and conversion of property.

### PARTIES

2.

Diamond Power is a corporation incorporated and existing under the laws of the State of Delaware and having its principal place of business, for purposes of 28 U.S.C. § 1332, located at 2600 East Main Street, Lancaster, Ohio.

3.

Defendant Wayne Davidson ("Davidson") is an adult citizen and resident of the state of Georgia residing at 1834 Webb Gin House, Snellville, Georgia, 30078.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Diamond Power and Davidson; the matter in controversy between Diamond Power and Davidson exceeds $75,000, exclusive of interest and costs.

5.

The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act).

6.

Venue of this action is proper in this judicial district and division because Davidson is a resident of the state of Georgia, Gwinnett County, within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

7.

Diamond Power is engaged in the business of manufacturing and selling industrial boiler cleaning systems. Diamond Power markets and sells its products and services to customers worldwide.

8.

Prior to October 31, 2003, Davidson was employed by Diamond Power as its Manager of U.S. Service Center Operations.

9.

During the course of his employment with Diamond Power, Davidson's responsibilities included, but not by way of limitation, management of Diamond Power's three U.S. Service Centers, located in or near Atlanta, Georgia, Chicago, Illinois, and Seattle, Washington. In this capacity, Mr. Davidson was responsible for the operational performance of each of the service centers, managing inventory levels and costs at the service centers, and assisting in the sales process to customers and prospective customers of Diamond Power.

10.

As a senior manager at Diamond Power, Davidson had wide access to the company's internal computer network and Oracle database system. Diamond Power maintains records, documents, and information on its

computer network and Oracle database which is confidential, proprietary, and which constitutes trade secrets of Diamond Power.

11.

Throughout Davidson's employment, Diamond Power took reasonable steps to maintain the secrecy of its proprietary information including that information contained on its computer network and Oracle database.

12.

As a precondition to his employment with Diamond Power, Davidson entered into a Proprietary Information and Conflict of Interest Agreement ("Proprietary Information Agreement"). A true and correct copy of Davidson's Proprietary Information Agreement is attached hereto as Exhibit A.

13.

Pursuant to paragraph 1 of his Proprietary Information Agreement, Davidson agreed that upon termination of his employment, he would return to Diamond Power "all records of proprietary information" of Diamond Power, including copies thereof.

14.

As an employee and agent of Diamond Power, Davidson owed to Diamond Power a fiduciary duty of good faith and loyalty. Davidson was obligated during his employment to expend his full energy and best efforts in furtherance of the business of Diamond Power and owed to Diamond Power during his employment a duty of utmost loyalty and good faith.

15.

Davidson voluntarily resigned his employment with Diamond Power effective October 31, 2003.

16.

Prior to his separation from employment, Davidson accessed confidential documents and computer files of Diamond Power containing confidential, proprietary, and trade secret information. Davidson accessed information from Diamond Power's internal computer network and Oracle database, and then copied, transferred and/or saved this information to an external zip drive which he had affixed to his company owned laptop computer.

17.

On information and belief, Davidson electronically stored this information to an external zip drive so that he could access, retain, and misappropriate the information for the benefit of someone or some entity other than Diamond Power.

18.

There is no legitimate business reason on behalf of Diamond Power for Davidson to have accessed and appropriated the documents, files, and information as set forth above.

19.

Davidson attempted to conceal his conduct described above by deleting or erasing the contents of his company-issued laptop computer before returning it to Diamond Power upon his separation of employment.

20.

Davidson is currently employed with Clyde Bergemann, Inc.

21.

Clyde Bergemann, Inc. is a direct and the primary competitor of Diamond Power.

## COUNT I

### Violation of Georgia Trade Secrets Act

22.

Diamond Power adopts and realleges the allegations contained in paragraphs 1-21 as if fully set forth herein.

23.

The information and computer files of Diamond Power misappropriated by Davidson contain or constitute trade secret information under Georgia law as the information derives economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure and use. The information is and at all relevant times has been the subject of reasonable efforts by Diamond Power to maintain its secrecy.

24.

Davidson unlawfully misappropriated Diamond Power's trade secret information and Diamond Power has or will sustain irreparable harm as direct and proximate result of these unlawful actions taken. Unless otherwise restrained by this Court, Davidson will cause irreparable injury to Diamond Power, for which there will be no adequate remedy at law.

ATL01/11571767v1

25.

Diamond power is entitled to injunctive relief including, but not limited to, an order: (a) prohibiting Davidson from making any use or disclosure of Diamond Power's trade secret information; (b) requiring the return to Diamond Power of all trade secret information, in whatever form, and all copies and derivatives of same; (c) if trade secret information is or was contained on a computer disk, hard drive, zip drive or other electronic storage means, requiring said disk, hard drive, zip drive or other electronic storage means whatsoever to be either delivered to Diamond Power, destroyed, or modified so that all trade secret information contained therein is permanently deleted or is otherwise rendered permanently inaccessible; and (d) requiring that Davidson provide evidence that is sufficient to conclusively establish he has complied with the terms set forth in items (a), (b), and (c) above.

26.

Diamond Power is entitled to recover damages caused by Davidson's conduct, including, without limitation, actual damages, unjust enrichment, or damages measured in terms of a reasonable royalty.

27.

Davidson's misappropriation was done willfully and maliciously, thereby warranting an award to Diamond Power of exemplary damages, and the recovery of reasonable attorneys' fees.

## COUNT II

## Breach of Contract

28.

Diamond Power adopts and realleges the allegations contained in paragraphs 1-27 as if fully set forth herein.

29.

In his Proprietary Information Agreement, Davidson promised and agreed that he would return all records in his possession of Diamond Power's proprietary information upon the separation of employment.

30.

Davidson has violated the terms of the Proprietary Information Agreement.

31.

As a result of Davidson's conduct, Diamond Power has suffered, and continues to suffer, substantial and irreparable injury.

32.

Davidson's continuing actions in violation of the Proprietary Information Agreement expose Diamond Power to a pending and ongoing threat of immediate and irreparable harm.

33.

If injunctive relief is not granted to put a stop to Davidson's violation of the terms of the Proprietary Information Agreement, Diamond Power will suffer irreparable injury for which there is no adequate remedy at law.

34.

Davidson's breach of contract was intentional, willful, wanton and in reckless disregard for the rights of Diamond Power.

## COUNT III

### Breach of Fiduciary Duty/ Duty of Loyalty

35.

Diamond Power adopts and realleges the allegations contained in paragraphs 1- 33 as if fully set forth herein.

36.

Davidson's conduct prior to his separation from employment with Diamond Power, including but not limited to the appropriation and misappropriation of proprietary information owned by Diamond Power, constitutes a breach of his fiduciary duties and duties of loyalty owed to Diamond Power.

37.

Davidson's breach of fiduciary duty was intentional, willful, wanton and in reckless disregard for the rights of Diamond Power.

38.

Davidson's conduct has caused Diamond Power to suffer damages in an amount not yet determined as a result of Davidson's breach of his fiduciary duties to Diamond Power. Diamond Power is entitled to recover from Davidson the full amount of these sums once they are determined.

39.

Davidson is not entitled to the salary and other compensation that he was paid by Diamond Power during the period in which he breached his

fiduciary duties and duties of loyalty to Diamond Power. Davidson must disgorge and return all payments made to him by Diamond Power during the period of his disloyalty.

40.

Davidson's breach of his fiduciary duties and duties of loyalty was in willful, wanton, malicious and reckless disregard of those duties so that punitive damages and attorneys' fees should be imposed on Davidson in an amount to be shown at trial.

## COUNT IV

### Violation of Computer Fraud and Abuse Act 18 U.S.C. § 1030

41.

Diamond Power adopts and realleges the allegations contained in paragraphs 1-39 as if fully set forth herein.

42.

During his employment with Diamond Power, Davidson exceeded authorized access to Diamond Power's computer systems and network by accessing and obtaining Diamond Power's confidential and proprietary information for the purpose of misappropriating said information.

43.

Davidson attempted to conceal his conduct by deleting contents of his laptop computer's hard drive before returning it to Diamond Power.

44.

Davidson's conduct as set forth hereinabove was malicious, intentional willful, wanton, and in reckless disregard to the rights of Diamond Power.

45.

As a direct and proximate result of Davidson's conduct, Diamond Power has suffered a loss of at least $5,000 in value. Diamond Power is entitled to recover from Davidson the full amount of its loss once it has been determined.

## COUNT V

### Misappropriation and Conversion of Property

46.

Diamond Power adopts and realleges the allegations contained in paragraphs 1-45 as if fully set forth herein.

47.

Davidson has wrongfully taken or retained possession of property owned by Diamond Power and has wrongfully refused to return such property to Diamond Power as requested.

48.

Davidson's conduct as set forth hereinabove was malicious, intentional willful, wanton, and in reckless disregard to the rights of Diamond Power.

ATL01/11571767v1

49.

Diamond Power has suffered actual damages in an amount not yet determined as a result of Davidson's conduct. Diamond Power is entitled to recover from Davidson the full amount of these sums once they are determined.

50.

Diamond Power is further entitled to recover from Davidson punitive damages and attorneys' fees in an amount to be shown at trial.

51.

Diamond Power has been damaged as a result of the misappropriation of its property by Davidson. Further, the misappropriation of its property subjects Diamond Power to a pending and ongoing threat of immediate irreparable harm which harm will continue unless an injunction issues mandating the return of Diamond Power's property, and all copies and derivatives thereof, and prohibiting any further use of same.

### PRAYER FOR RELIEF

WHEREFORE Diamond Power demands that judgment be made and entered in its favor and against Davidson as follows:

A. Entry of temporary, interlocutory, and permanent injunctions enjoining Davidson from disclosing, using, modifying or adapting any of Diamond Power's trade secrets.

B. Entry of temporary, interlococutory, and permanent injunctions requiring Davidson to return to Diamond Power all of its property,

including all information or tangible items in whatever form, and all copies or derivatives thereof, reflecting or containing Diamond Power's trade secrets or confidential and proprietary business information.

C. Award Diamond Power actual and compensatory damages in an amount to be determined at trial.

D. Award Diamond Power exemplary damages in an amount to be determined at trial.

E. Award Diamond Power punitive damages in an amount to be determined at trial.

F. Award Diamond Power all costs and attorneys' fees it incurs in the prosecution of this lawsuit, pursuant to O.C.G.A. § 10-1-764.

G. Award Diamond Power interest as allowed by law.

H. Grant such other and further relief as this Court in its judgment deems just and appropriate.

Respectfully submitted this 13th day of January, 2004.

ALSTON & BIRD LLP

By: /s/ Warren R. Hall
Warren R. Hall, Jr.
Georgia Bar No. 319405


including all information or tangible items in whatever form, and all copies or derivatives thereof, reflecting or containing Diamond Power's trade secrets or confidential and proprietary business information.

C. Award Diamond Power actual and compensatory damages in an amount to be determined at trial.

D. Award Diamond Power exemplary damages in an amount to be determined at trial.

E. Award Diamond Power punitive damages in an amount to be determined at trial.

F. Award Diamond Power all costs and attorneys' fees it incurs in the prosecution of this lawsuit, pursuant to O.C.G.A. § 10-1-764.

G. Award Diamond Power interest as allowed by law.

H. Grant such other and further relief as this Court in its judgment deems just and appropriate.

Respectfully submitted this 13th day of January, 2004.

ALSTON & BIRD LLP

By: /s/ Warren R. Hall, Jr.
Warren R. Hall, Jr.
Georgia Bar No. 319405

including all information or tangible items in whatever form, and all copies or derivatives thereof, reflecting or containing Diamond Power's trade secrets or confidential and proprietary business information.

C. Award Diamond Power actual and compensatory damages in an amount to be determined at trial.

D. Award Diamond Power exemplary damages in an amount to be determined at trial.

E. Award Diamond Power punitive damages in an amount to be determined at trial.

F. Award Diamond Power all costs and attorneys' fees it incurs in the prosecution of this lawsuit, pursuant to O.C.G.A. § 10-1-764.

G. Award Diamond Power interest as allowed by law.

H. Grant such other and further relief as this Court in its judgment deems just and appropriate.

Respectfully submitted this 13th day of January, 2004.

ALSTON & BIRD LLP

By: /s/ Warren R. Hall, Jr.
Warren R. Hall, Jr.
Georgia Bar No. 319405

           Allison J. Viscardi
           Georgia Bar No. 728059
           ALSTON & BIRD LLP
           1201 West Peachtree Street
           Atlanta, Georgia  30309-3424
           (404) 881-7000
           (404) 881-7777

           ATTORNEYS FOR DIAMOND
           POWER INTERNATIONAL, INC.

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DIAMOND POWER INTERNATIONAL, INC.    SUMMONS IN A CIVIL ACTION

    Plaintiff,

v.

WAYNE F. DAVIDSON

    Defendant.

CASE NUMBER: 1 04-CV 0091

TO:   WAYNE F. DAVIDSON
        1834 Webb Gin House Road
        Snellville, Georgia 30078-2043

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY:

        Warren R. Hall, Jr.
        ALSTON & BIRD LLP
        1201 W. Peachtree Street
        Atlanta, Georgia 30309-3424
        Telephone: 404-881-7000
        Fax: 404-881-7777

an answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your Answer with the clerk of this court within a reasonable period of time after service.

LUTHER D. THOMAS                  JAN 1 3 2004
Clerk                                          Date

Deputy Clerk

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me | Date |
| Name of Server | Title |

Check on box below to indicate appropriate method of service

☐   Served personally upon the defendant. Place where served: _____
_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of Person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____
_____
_____

☐   Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                                    Signature of Server

                                    _____
                                    Address of Server